UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE SEREN FASHION ART AND
INTERIORS, LLC, et al.,

                Plaintiffs,

-against-

B.S.D. CAPITAL, INC., et al.,

                Defendants.

23-CV-2349 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On January 21, 2025, Plaintiff filed an application requesting that all filings in this case—which has been closed for over a year (ECF No. 53)—be sealed. Plaintiff claims the action involves "private sensitive information that would cause harm to him and his business." ECF No. 60 at 2 (the "Motion"). For the reasons set forth below, the Court DENIES the motion without prejudice.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "[M]otions to seal documents must be 'carefully and skeptically reviewed . . . to insure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

In addition to the common law right of access, there is also a qualified First Amendment right to access judicial documents. *Id*. Under the First Amendment "experience and logic" test, the Court must consider whether the documents "have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Id*. (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004)). If a First Amendment right of access applies, documents may only be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, Plaintiff has not stated with particularity which documents should be sealed or redacted, or explained how the ongoing availability of those documents would be harmful. Indeed, Plaintiff seeks to seal the *entirety* of the case from the public eye, which this Circuit has made clear should be a "last resort." *See Doe v. Berg*, No. 15-cv-9787 (RJS), 2016 WL 11597923, at *1–2 (S.D.N.Y. Feb. 10, 2016) ("A Court may only permit the sealing of an entire case file as a last resort.") (citation and quotation omitted). Because Plaintiff has not pointed to any specific information she seeks to redact and instead has only made an overbroad request to seal the entire case, the motion must be denied. *See Leib-Podry v. Tobias*, No. 22-CV-8614 (VEC) (JW), 2024 WL 1134597, at *2 (S.D.N.Y. Mar. 15, 2024). This lack of specificity also prevents the Court from making the necessary findings to seal judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (concluding that a court must make specific, rigorous findings before sealing a document or otherwise denying public access).

Moreover, sealing the entire case would result in sealing numerous judicial documents that are both "relevant to the performance of the judicial function and useful in the judicial process . . . ." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Documents do not cease to be judicial documents merely because a case has been closed or settled, and the need for the public to be able to evaluate a case does not end with its closure. *See Bernstein*, 814 F.3d at 140 ("[P]leadings—even in settled cases—are Judicial records subject to a presumption of public access.").

Accordingly, Plaintiff's Motion is DENIED without prejudice, and this case remains CLOSED and unsealed.

Dated: January 30, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge